IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOREL SHOPHAR,

               Plaintiff,

v.

STATE OF KANSAS, et al.,

               Defendants.

Case No. 16-CV-4043-DDC-KGS

## MEMORANDUM AND ORDER

Pro se plaintiff Jorel D. Shophar brings this action against the mother of his two children, various state and local agencies, and individuals who, he contends, have contrived a false campaign against him and conspired to terminate his parental rights. Generally, plaintiff alleges that defendants discriminated against him and violated his constitutional and civil rights when his children were placed in the temporary custody of the State of Kansas in September 2015 and, later, placed in their mother's custody. Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985 and various federal and Kansas criminal statutes.

On March 23, 2017, the court dismissed five of the seven defendants named in plaintiff's lawsuit because the court either lacked subject matter jurisdiction over plaintiff's claims or plaintiff's claims failed to state a claim for relief against those five defendants. Doc. 111. As the court noted in its March 23, 2017 Memorandum and Order, defendant Teena Wilkie never had answered plaintiff's Second Amended Complaint—the operative pleading in the case. *Id.* at 1 n.1. On March 24, 2017, Ms. Wilkie filed a Motion for Leave to File Out of Time. Doc. 113. It asks the court for leave to respond to plaintiff's Second Amended Complaint out of time because, as a pro se litigant, she did not understand that she was required to file a response. Ms.

1

Wilkie also has filed a Motion to Dismiss. Doc. 114. For the reasons explained below, the court grants both of Ms. Wilkie's motions.

I. Pro Se Litigant Standard

Because plaintiff and Ms. Wilkie proceed pro se, the court must construe their filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This liberal standard requires the court to construe a pro se litigant's pleadings as ones stating a valid claim if a reasonable reading of them allows the court to do so "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

But, at the same time, the court will not serve as a pro se litigant's advocate. *James*, 724 F.3d at 1315. The court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Also, the requirement that the court must read a pro se plaintiff's pleadings broadly "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. And, a plaintiff's pro se status does not excuse him or her from complying with federal and local rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (citations and internal quotation marks omitted)).

**II.     Ms. Wilkie's Motion for Leave to File Out of Time**

On July 5, 2016, plaintiff filed a First Amended Complaint naming Ms. Wilkie as a defendant. Doc. 31. Ms. Wilkie filed a "Response" to plaintiff's First Amended Complaint. Doc. 49. The Clerk docketed the Response as an Answer. But, the Response includes a request that the court dismiss plaintiff's claims for failing to state a claim upon which relief may be granted. *Id.* at 3. On December 2, 2016, plaintiff filed a Second Amended Complaint. Doc. 90. This amended pleading also names Ms. Wilkie as a defendant. Plaintiff certified that he served a copy the Second Amended Complaint on Ms. Wilkie by U.S. Mail. *Id.* at 23.

The Federal Rules required Ms. Wilkie to respond to plaintiff's Second Amended Complaint within 14 days after service. Fed. R. Civ. P. 15(a)(3). Ms. Wilkie never responded within the required time. On March 24, 2017, Ms. Wilkie filed a Motion for Leave to File Out of Time, asking for leave to file her response to plaintiff's Second Amended Complaint out of time. Doc. 113. When Ms. Wilkie filed her Motion for Leave to File Out of Time, she also filed a "Motion to Dismiss All Claims Against Teena Wilkie." Doc. 114. This motion asks the court to dismiss plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. *Id.* at 1.

Ms. Wilkie states in her Motion for Leave that she is a pro se litigant. Ms. Wilkie also explains that she did not understand that she was required to respond to plaintiff's Second Amended Complaint. She notes that she responded timely to plaintiff's First Amended Complaint. And, because plaintiff's allegations against Ms. Wilkie in the First Amended Complaint did not differ from his allegations in the Second Amended Complaint, Ms. Wilkie believed that no other response was required.

Plaintiff never has responded to Ms. Wilkie's Motion for Leave to File Out of Time, and the time for doing so has passed. Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect. This rule also provides "[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b). Because plaintiff never has responded to Ms. Wilkie's Motion for Leave to File Out of Time, the court grants the motion. The court also grants the motion because Ms. Wilkie has satisfied the requirements for obtaining leave to file out of time.

A court may extend the time to act after a deadline has passed if the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); D. Kan. Rule 6.1(a)(4). Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 392 (1993) (citations and internal quotation marks omitted). But, a party's "inadvertence, ignorance of the rules, or mistakes concerning the rules do not usually constitute 'excusable' neglect." *Id.*

The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The factors to consider when making this determination include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* "[P]erhaps the most important single factor" to determine

whether neglect is excusable is "[f]ault in the delay." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (citations omitted). "An additional consideration is whether the moving party's underlying claim is meritorious." *Id.* (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983) (discussing, in the context of a motion to set aside a default judgment, the need to avoid frivolous litigation)). Though these factors guide the court's inquiry, the excusable-neglect determination, ultimately, is an equitable decision that's committed to the court's sound discretion. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (reviewing excusable-neglect decision under abuse of discretion standard).

After considering the relevant factors, the court exercises its discretion to grant Ms. Wilkie leave to file her response to plaintiff's Second Amended Complaint out of time. Ms. Wilkie acted in good faith: As a pro se litigant, she did not understand that she must file a response to plaintiff's Second Amended Complaint after she already had responded to his First Amended Complaint. And, the day after the court pointed out Ms. Wilkie's omission in its March 23, 2017 Memorandum and Order (Doc. 111 at 1 n.2), Ms. Wilkie corrected her oversight by filing her Motion for Leave and her Motion to Dismiss. Docs. 113, 114. Although Ms. Wilkie's status as a pro se litigant does not excuse her from complying with the court's rules, *Nielsen*, 17 F.3d at 1277, her ignorance of the rules is probative of her good faith for failing to file a timely response, *see Cooper v. Regent Asset Mgmt. Solutions-Kansas, LLC*, No. 10-2634-JAR-KGG, 2012 WL 3238139, at *3 (D. Kan. Aug. 7, 2012) (holding that pro se defendants had shown excusable neglect when they failed to answer because they mistakenly believed an answer was not required).

The court also finds that granting the motion will not prejudice plaintiff or negatively affect the judicial proceedings. Although plaintiff filed the case over a year ago, the court has not entered a scheduling order yet because defendants have moved to dismiss each amended pleading that plaintiff has filed. So, the court has established no deadlines, including a trial date. Indeed, discovery has not even commenced. So far, the case has not required significant litigation efforts by plaintiff—other than responding to the several motions to dismiss. The court has granted those motions to dismiss either because the court lacked subject matter jurisdiction or plaintiff's claims fail to state a claim for relief. And, for many of the same reasons, plaintiff's Second Amended Complaint also fails to state a claim against Ms. Wilkie, as the court explains below. Under these circumstances, the court finds it equitable to grant Ms. Wilkie's Motion for Leave to File Out of Time.

### III. Ms. Wilkie's Motion to Dismiss

The court now turns to Ms. Wilkie's Motion to Dismiss. Doc. 114. In it, she asks the court to dismiss plaintiff's Second Amended Complaint against her because the court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and plaintiff fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Plaintiff never has responded to Ms. Wilkie's Motion to Dismiss, and the time for doing so has passed. D. Kan. Rule 7.4(b) thus allows the court to "consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b). Because plaintiff never has responded to Ms. Wilkie's Motion to Dismiss, the court grants the motion. The court also grants the motion on the merits. The court explains why below.

### A. Factual Background

The following facts come from plaintiff's Second Amended Complaint (Doc. 90) and are viewed in the light most favorable to him. *See*, *e.g.*, *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (explaining that on a Rule 12(b)(6) motion, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the [plaintiff]" (citation and internal quotation marks omitted)). The court also construes plaintiff's allegations liberally because he proceeds pro se.

Plaintiff and defendant Krissy Gorski had two children together. On August 12, 2015, Ms. Gorski took the children away from plaintiff. Ms. Gorski also reported that plaintiff was physically abusing her and the children to various agencies, including the Olathe Police Department, the Johnson County District Court, and the Department for Children and Families ("DCF"). Plaintiff asserts that Ms. Gorski's abuse claims are false.

Plaintiff accuses defendant Teena Wilkie of hiding the children in her home while she and Ms. Gorski contrived the false abuse allegations. Plaintiff asserts that Ms. Wilkie helped Ms. Gorski promote her false allegations of domestic abuse so that Ms. Gorski could extort money from the public.

In September 2015, the Johnson County District Court placed the two children into DCF custody. Plaintiff alleges that the judge based the decision to remove the children from their parents' custody on false evidence submitted by Ms. Gorski. Also, plaintiff claims that the state court placed the children in Ms. Wilkie's temporary custody. Plaintiff claims that Ms. Wilkie is an unlicensed foster parent who helped Ms. Gorski abuse drugs. Plaintiff also contends that Ms. Wilkie refused to allow plaintiff to see or talk to his children, but permitted Ms. Gorski to visit the children in her home each day.

Plaintiff also accuses Ms. Wilkie of coming to his home and demanding painkillers for Ms. Gorski. Plaintiff asserts that, when his wife, Sasuah Shophar, refused to give Ms. Wilkie the pain killers, Ms. Wilkie made a false claim against Ms. Shophar with the Olathe Police Department. Plaintiff describes this event as frightening to the children in Ms. Shophar's home.

Finally, plaintiff alleges that Ms. Wilkie's actions have deprived him of his children and violated his constitutional rights. Plaintiff seeks monetary damages of $350,000 from each defendant. Doc. 90 at 22.

### B. Legal Standard

#### 1. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are ones with limited subject matter jurisdiction, a presumption against jurisdiction exists, and the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial

8

attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

"Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and [to conduct] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003 (citations omitted); *Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1063–64 (10th Cir. 2012); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324–25 (10th Cir. 2002) (holding that a court must convert a motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of case).

### 2. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

9

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the factual allegations in the complaint are true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)) (internal quotation marks omitted).

### C. Analysis

Plaintiff's Second Amended Complaint asserts claims against Ms. Wilkie under 42 U.S.C. § 1983, for alleged violations of plaintiff's rights under the Fourth Amendment and the Fourteenth Amendment's Due Process Clause. Doc. 90 at 21–22. Plaintiff also alleges that Ms. Wilkie's false allegations against him violated 8 U.S.C. § 1324c(a)(1), 18 U.S.C. § 875, 18 U.S.C. § 1038(a)(1), and Kan. Stat. Ann. § 21-6103(1)(a)(b). *Id.* Ms. Wilkie moves to dismiss

all of plaintiff's claims against her.  The court first addresses plaintiff's § 1983 claims, and then considers plaintiff's federal and state criminal statutory claims based on Ms. Wilkie's alleged false allegations.

**1. Section 1983 Claims**

Ms. Wilkie moves to dismiss plaintiff's claims based on purported constitutional violations because she is not a state actor and thus cannot be held liable under § 1983.  As described above, plaintiff's Second Amended Complaint accuses Ms. Wilkie of hiding plaintiff's children from him and assisting Ms. Gorski with contriving false abuse allegations against him.  But, plaintiff's Second Amended Complaint never asserts that Ms. Wilkie is a state actor.  This is a requirement for liability under § 1983.

"Section 1983[ ] liability attaches only to conduct occurring 'under color of law.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting 42 U.S.C. § 1983).  So, "the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'"  *Id.* (quoting *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (further citations and internal quotation marks omitted)).  Section 1983's requirement that a defendant act "under color of state law" "is 'a jurisdictional requisite for a § 1983 action.'" *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981)).

To state a viable § 1983 claim, a plaintiff must allege sufficient facts demonstrating, plausibly, that the private individual or entity's conduct allegedly causing a constitutional deprivation is "fairly attributable to the state." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (citations and internal quotation marks omitted).  The Tenth Circuit has applied four different

11

tests to determine whether a private entity is subject to liability under § 1983 as a state actor: the nexus test, the symbiotic relationship test, the joint action test, and the public function test. *Gallagher*, 49 F.3d at 1447.

The nexus test requires a "sufficiently close nexus between the government and the challenged conduct" and, in most cases, renders a state liable for a private individual's conduct "only when [the State] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* at 1448 (citations and internal quotation marks omitted). The symbiotic relationship test asks whether the state "has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity." *Id.* at 1451 (citations and internal quotation marks omitted). The joint action test requires courts to "examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* at 1453 (citations omitted). Finally, the public function test asks whether the challenged action is "a function traditionally exclusively reserved to the State." *Id.* at 1456 (citations and internal quotation marks omitted).

Plaintiff's Second Amended never asserts any facts showing that Ms. Wilkie's conduct is "fairly attributable to the state" to support a viable § 1983 claim. *Scott*, 216 F.3d at 906. Plaintiff's Second Amended Complaint alleges that Ms. Wilkie is a member of "Moms Club of Olathe East." Doc. 90 at 21. Plaintiff describes the Moms Club as "an international community for 'Stay at home moms.'" *Id.* Plaintiff's Second Amended Complaint never asserts that either Ms. Wilkie or the Moms Club are state actors or somehow acted under color of state law.

Plaintiff's Second Amended Complaint also alleges no facts establishing any connection between the State and Ms. Wilkie or other facts sufficient to subject her to § 1983 liability as a

12

state actor under the nexus text, symbiotic test, or joint action test. *See Gallagher*, 49 F.3d at 1447. And, plaintiff never asserts any facts showing that Ms. Wilkie's actions are "function[s] traditionally exclusively reserved to the State" to satisfy the public function test and subject Ms. Wilkie to § 1983 liability. *Id.* at 1456 (citations and internal quotation marks omitted). Indeed, plaintiff concedes that Moms Club is not a state actor by alleging that it "is not a legal agency to remove children from the home of any residence." Doc. 90 at 21. Thus, as a member of the Moms Club, Ms. Wilkie was not performing any state functions because, plaintiff contends, Ms. Wilkie's actions involved the illegal removal of children—not something that is a traditional and exclusive function of the State.

For these reasons, plaintiff's Second Amended Complaint fails to assert a plausible § 1983 claim against Ms. Wilkie. The court thus grants Ms. Wilkie's Motion to Dismiss plaintiff's § 1983 claims.

### 2. Violations of Federal Criminal Statutes

Plaintiff's Second Amended Complaint also asserts claims against Ms. Wilkie under 8 U.S.C. § 1324c(a)(1), 18 U.S.C. § 875, and 18 U.S.C. § 1038(a)(1). Doc. 90 at 21. These statutory claims fail to state a claim against Ms. Wilkie as a matter of law.

Section 1324c(a)(1) of Title 8 of the United States Code makes it unlawful for a person knowingly to falsify documents to satisfy the requirements of or to obtain a benefit under the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1324c(a)(1). Section 875 of Title 18 of the United States Code prohibits extortion threats using interstate communications. 18 U.S.C. § 875. Section 1038 of Title 18 of the United States Code prohibits criminal hoaxes and terrorist threats. 18 U.S.C. § 1038.

None of these federal criminal statutes give plaintiff the right to assert a private cause of action. *See Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006) (holding that "none of the criminal statutes" that plaintiff cited in his complaint—including 18 U.S.C. § 875— "provide for a private cause of action"); *see also Johnson v. Working Am., Inc.*, No. 1:12CV1505, 2012 WL 3074775, at *2 (N.D. Ohio July 30, 2012) (finding that, as a private citizen, the plaintiff had no authority to initiate a federal criminal prosecution under 18 U.S.C. § 1038); *United States v. Richard Dattner Architects*, 972 F. Supp. 738, 747 (S.D.N.Y. 1997) (finding, in the context of 8 U.S.C. § 1324c, that "plaintiff has no standing to assert a claim under the INA because the statute does not create a private right of action to redress a violation" of that statute). Thus, plaintiff's claims under these federal criminal statutes fail to state a claim for relief. *See Clements*, 189 F. App'x at 692 (affirming district court's dismissal of alleged violations of federal criminal statutes because the statutes provided no private cause of action).

### 3. Violation of State Criminal Statute

Plaintiff's Second Amended Complaint also asserts a claim against Ms. Wilkie under Kan. Stat. Ann. § 21-6103(1)(a)(b). Doc. 90 at 21–22. This Kansas law makes a criminal false communication a class A nonperson misdemeanor. This criminal statute does not provide that a private litigant may assert a civil cause of action under it. And, plaintiff fails to show that the Kansas legislature intended to create a private right of action when it enacted this criminal statute. *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1128 (D. Kan. 2000) (dismissing plaintiff's claims for violation of Kansas criminal statutes because plaintiff "does not show that the legislature intended to grant him a private cause of action for the violations of the citied criminal statutes"). Plaintiff thus fails to state a claim under Kan. Stat. Ann. § 21-6103. And so, the court dismisses this state statutory claim against Ms. Wilkie.

One final note—the court does not construe plaintiff's Second Amended Complaint to assert a defamation claim under Kansas law against Ms. Wilkie. Plaintiff lists his causes of action in the caption of his Second Amended Complaint. Doc. 90 at 1. This list does not include a defamation claim under Kansas law. Plaintiff's Second Amended Complaint, however, accuses Ms. Wilkie of defamation several times, but alleges that the purported defamation created a cause of action under federal and state statutes. *See*, *e.g.*, Doc. 90 at 22 (stating that Ms. Wilkie assisted Ms. Gorski "in promoting a defamation ad against the Plaintiff" which "is a 'criminal false communication' pursuant to KSA 21-6103[ ](1)(a)(b) against the Plaintiff."); *id.* (stating that Ms. Wilkie made "a criminal false communication which caused defamation to [plaintiff's] character . . . violating Federal Law 8 U.S. Code §[ ]1324c(a)(1).").

The Second Amended Complaint also references a state court action that plaintiff calls "a defamation suit filed against [Ms. Wilkie] in Third Judicial Court Case: 2016-CV-00214." *Id.* at 6. The Third Judicial District Court in Shawnee County, Kansas has a publically-available online records system.[1] A search of that database reveals that plaintiff filed a state court lawsuit against Ms. Wilkie and others in March 2016. Plaintiff alleged many claims under Kansas law including defamation to character, defamation to business, defamation to church, libel, and slander. Plaintiff filed a Motion to Dismiss Without Prejudice in June 2016, and the court terminated the case in August 2016.

Under these circumstances, the court concludes that plaintiff never intended to assert a defamation claim under Kansas law in this federal lawsuit. This Memorandum and Order thus has no preclusive effect on any state law defamation claims that plaintiff asserted in his state lawsuit and that he asked for dismissal of without prejudice.

---

[1] Third Judicial District, Shawnee County, Kansas, Public Access, at https://public.shawneecourt.org/PublicA/access/?service=Public&fx=access&LSession=0A5FF63105ACCA5F70F36B5F9CBEE9E6 (last visited May 23, 2017).

## IV. Conclusion

For the above reasons, the court grants defendant Teena Wilkie's Motion to Dismiss. Plaintiff's Second Amended Complaint fails to assert viable claims against Ms. Wilkie because either no subject matter jurisdiction exists or the claims fail to state a claim for relief as a matter of law. The operative Complaint is plaintiff's third attempt at asserting claims against Ms. Wilkie and others. The court finds no reason to provide him another opportunity to amend his allegations when he has had ample opportunity to do so and his revised pleading still fails to state claims against Ms. Wilkie as a matter of law.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Teena Wilkie's Motion for Leave to File Out of Time (Doc. 113) is granted.

**IT IS FURTHER ORDERED THAT** defendant Teena Wilkie's Motion to Dismiss (Doc. 114) is granted.

**IT IS SO ORDERED.**

**Dated this 23rd day of May, 2017, at Topeka, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**