IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOREL SHOPHAR,

        Plaintiff,

v.

STATE OF KANSAS, et al.,

        Defendants.

Case No. 16-CV-4043-DDC-KGS

## MEMORANDUM AND ORDER

On May 23, 2017, the court issued a Show Cause Order to plaintiff. Doc. 124. It explained that plaintiff never had served one of the defendants he has named in this lawsuit—Moms Club of Olathe East ("Olathe East"). The court thus considered whether it should dismiss plaintiff's lawsuit against Olathe East under Fed. R. Civ. P. 4(m), for failing to effect service within 90 days of filing the complaint, or grant plaintiff a mandatory or permissive extension of time to serve this defendant. The court concluded that plaintiff had failed to establish good cause entitling him to a mandatory extension. And, the court recognized that a permissive extension of time to effect service is futile if plaintiff fails to state a claim for relief against Olathe East.

The court explained that the 42 U.S.C. § 1983 claims that plaintiff's Second Amended Complaint asserts against Olathe East appear to suffer from the same deficiencies that led the court to dismiss plaintiff's § 1983 claims against other defendants. Specifically, the Second Amended Complaint never alleges facts showing that Olathe East is a state actor who one can hold liable under § 1983. *See Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (explaining that, to state a viable § 1983 claim against a private individual, the individual's alleged conduct

causing the constitutional deprivation must be "fairly attributable to the state" (citations and internal quotation marks omitted)).

The court thus ordered plaintiff to show cause by June 6, 2017 why a permissive extension of time to effect service on Olathe East is not futile when plaintiff's Second Amended Complaint appears to fail to state a claim for relief against this defendant for the same reasons that the court already has dismissed plaintiff's § 1983 claims against other defendants in its March 28, 2017 Memorandum and Order (Doc. 115) and its May 23, 2017 Memorandum and Order (Doc. 123).

Plaintiff never responded to the Show Cause Order, and the time for doing so has passed. Plaintiff thus fails to show why the court should grant a permissive extension of time to serve Olathe East. Plaintiff also fails to explain why granting such an extension is not futile when his Second Amended Complaint fails to state a claim for relief against this defendant.

Plaintiff filed this action pro se,[1] and so the court must construe his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (explaining that "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers[,]" but a court should not "assume the role of advocate for the pro se litigant[,]" and a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Even affording plaintiff's Second Amended Complaint the most liberal construction possible, the pleading never asserts any facts showing that Olathe East's conduct is "fairly attributable to the state" to support a viable § 1983 claim. *Scott*, 216 F.3d at 906. It never alleges that Olathe East is a state actor or somehow acted under color of state law. It also alleges no facts establishing any connection between the State

---

[1] On June 5, 2017, an attorney filed a "Limited Entry of Appearance" on behalf of plaintiff. Doc. 128. This attorney did not file plaintiff's Second Amended Complaint. Plaintiff filed that pleading pro se.

2

and Olathe East or other facts sufficient to subject it to § 1983 liability as a state actor under the various tests promulgated by the Tenth Circuit to establish state action (*i.e.*, the nexus text, symbiotic test, joint action test, or public function test). *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447, 1456 (10th Cir. 1995).

Indeed, plaintiff concedes that Olathe East is not a state actor by alleging that it "is not a legal agency to remove children from the home of any residence." Doc. 90 at 21. Thus, Olathe East never was performing any state functions because, the Second Amended Complaint contends, its actions involved the *illegal* removal of children—something that is not a function traditionally and exclusively reserved to the State. For these reasons, plaintiff's Second Amended Complaint fails to assert a plausible § 1983 claim against Olathe East.

The court thus concludes that a permissive extension of time for plaintiff to serve Olathe East is futile because, even though the court gave plaintiff notice and an opportunity to clarify the basis for his § 1983 claims, his Second Amended Complaint fails to state a claim for relief against this defendant. *See Quarles v. Williams*, No. 04-2101-JWL, 2004 WL 2378840, at *1, 3 (D. Kan. Oct. 21, 2004) (after ordering plaintiff to show cause "why the court should not exercise its discretion and decline to extend the time to effect valid service of process and consequently dismiss [the] case without prejudice because it appears that plaintiff's complaint fails to state a claim upon which relief can be granted and therefore it would be futile to extend the time for service" and after plaintiff responded to that show cause order, the court still concluded that plaintiff's complaint failed to state a claim upon which relief could be granted so a permissive extension of time to serve defendant was futile).

The court thus dismisses plaintiff's claims against Olathe East without prejudice under Rule 4(m) because plaintiff has failed to serve Olathe East within 90 days, plaintiff has failed to

establish good cause for the failure to serve this defendant so no mandatory extension of the time for service is required, and the court declines to exercise its discretion to grant a permissive extension of time to serve Olathe East because doing so is futile when plaintiff's Second Amended Complaint fails to state a plausible claim against Olathe East.

**IT IS THEREFORE ORDERED THAT** defendant Moms Club of Olathe East is dismissed from this action without prejudice under Fed. R. Civ. P. 4(m) because plaintiff has failed to effect valid service of process within 90 days of filing his complaint against this defendant.

**IT IS SO ORDERED.**

**Dated this 12th day of June, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**